UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-13-TBR

BRITTON LEVON MCPHERSON,                                    PLAINTIFF

v.

KAREN RAMEY, *et al.*,                                      DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on Defendant James Erwin's Motion for Summary Judgment. [DN 46]. Plaintiff Britton Levon McPherson has not responded and the time to do so has passed. This matter is ripe for adjudication. For the reasons set forth herein, Defendant's Motion for Summary Judgment, [DN 46], is GRANTED. The Court will enter an Order and Judgment contemporaneous to this Memorandum Opinion.

## BACKGROUND

On December 28, 2017, Plaintiff claims he reported to Kentucky State Penitentiary ("KSP") staff that he was experiencing pain and swelling in his left arm, as well as vomiting. [DN 29 at 152]. Over the course of the next several days, Plaintiff was treated by prison officials with pain killers, antibiotics, and warm compresses. *Id.* at 152–56. Unfortunately, Plaintiff's condition continued to worsen until he was transferred to the local emergency room where he was diagnosed with necrotizing fasciitis. *Id.* at 155. Plaintiff was then transferred to the University of Kentucky for further evaluation and treatment before eventually being discharged to Kentucky State Reformatory. *Id.* at 155–56.

On February 7, 2019, Plaintiff filed a Complaint against Nurse Practitioner Karen Ramey, Dr. Lester Lewis, Nurse Kelly Neeley, and an unknown Corrections Officer at KSP, both in their

1

official and individual capacities, as well as former Kentucky Department of Corrections Commissioner James Erwin in his official capacity, and Correct Care Solutions ("CCS") alleging that they violated his Eighth Amendment rights through deliberate indifference to a serious medical need. [DN 1]. Moreover, Plaintiff claims his constitutional rights were impaired by the Kentucky Department of Corrections and/or CCS's policies and procedures, or lack thereof. *Id*. He seeks compensatory and punitive damages and injunctive relief. *Id*.

The Court conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915A. [DN 6]. It dismissed the official-capacity claims for damages against Defendant Erwin and the unknown KSP officer for failure to state a claim upon which relief may be granted. *Id*. Subsequently, Defendants CCS, Lewis, Neeley, and Ramey moved for summary judgment. [DN 33]. The Court granted the motion finding (1) Plaintiff failed to exhaust his administrative remedies in regard to his claims against Defendants Lewis and CCS; and (2) Plaintiff failed to satisfy the subjective component of his deliberate indifference claim against Defendants Neely and Ramey. [DN 43].

In the only remaining claim before the Court, Plaintiff seeks a permanent injunction requiring Defendant Erwin to order "necessary medical treatment." [DN 1 at 11]. On January 15, 2020, Defendant Erwin filed a motion for summary judgment. [DN 46]. On April 15, 2020, the Court issued an order pursuant to *United States v. Ninety-Three Firearms*, 330 F.3d 414 (6th Cir. 2003), providing Plaintiff with guidance in responding to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and granted Plaintiff an additional thirty days to respond. [DN 52]. Those thirty days have now passed, and Plaintiff has chosen not to respond.

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52). The moving party must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of the nonmovant's claim or defense. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

Additionally, the Court acknowledges that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complainants, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation

3

omitted), nor to create a claim for a *pro se* plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

## DISCUSSION

"In general, the standard for granting a permanent injunction is 'essentially the same' as that for a preliminary injunction, except that a plaintiff must demonstrate actual success on the merits rather than likelihood of success." *Herrell v. Benson*, 261 F. Supp. 3d 772, 776 (E.D. Ky. 2017) (quoting *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987)). The Supreme Court has held that in order to obtain a permanent injunction, a plaintiff must demonstrate that: (1) he has suffered an irreparable injury; (2) the remedies available at law, including money damages, are inadequate to compensate for the injury; (3) considering the balance of hardships between the plaintiff and the defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006) (citing *Weingbuger v. Romero–Barcelo,* 456 U.S. 305, 311–13 (1982); *Amoco Prod. Co.,* 480 U.S. at 542)). Similarly, the Sixth Circuit has "defined the standard for a permanent injunction by holding that 'where a plaintiff establishes a constitutional violation . . . the plaintiff will be entitled to permanent injunctive relief upon a showing of: (1) a continuing irreparable injury if the court fails to issue the injunction, and (2) the lack of an adequate remedy at law.'" *Baker v. Meko*, No. CIV A 08-CV-119-HRW, 2008 WL 4889614, at *7 (E.D. Ky. Nov. 12, 2008) (quoting *Warren v. City of Athens, Ohio,* 411 F.3d 697, 711 (6th Cir. 2005)).

"In order to qualify for a permanent injunction, success on the merits must have been established." *Id.* at *8 (citing *Marcavage v. City of Detroit, Mich.,* 2008 WL 2980040, 1 (E.D. Mich., 2008); *Eller Media Co. v. City of Cleveland, Ohio,* 161 F.Supp.2d 796, 807 (N.D. Ohio,

2001) ("... when a plaintiff seeks a permanent injunction, the plaintiff must show actual success on the merits, rather than a mere likelihood of success on the merits. *See Amoco Prod. Co*, 480 U.S. at 546 n. 12)). In this case, Plaintiff was unsuccessful on the merits of his deliberate indifference claim. As previously noted, the Court granted summary judgment in favor of the Defendants after finding that Plaintiff failed to satisfy the subjective component of his deliberate indifference claim. [DN 43]. Since Plaintiff cannot establish success on the merits, his request for a permanent injunction must be denied. *See Herrell*, 261 F. Supp. 3d at 776 (denying request for permanent injunction where plaintiff failed to demonstrate his constitutional rights had been violated).

## CONCLUSION

For the reasons set forth herein, Defendant's Motion for Summary Judgment, [DN 46], is **GRANTED**. The Court will enter an Order and Judgment contemporaneous to this Memorandum Opinion.

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

May 20, 2020

CC: Attorneys of Record
Britton Levon McPherson
160929
LITTLE SANDY CORRECTIONAL COMPLEX
505 Prison Connector
Sandy Hook, KY 41171
PRO SE

5